1  NELSON & FRAENKEL, LLP
2  Gretchen Nelson (SBN 112566)
   gnelson@nflawfirm.com
3  Gabriel S. Barenfeld (SBN 224146)
   gbarenfeld@nflawfirm.com
4  Carlos F. Llinas Negret (SBN 284746)
   cllinas@nflawfirm.com
5  601 So. Figueroa St., Suite 2050
   Los Angeles, CA 90017
6  Tel.: (844) 622-6469 / Fax: (213) 622-6019

7  [Additional Counsel on Signature Page]

8  *Counsel for Plaintiff & the Proposed Class*

9            UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 JERRY KIRKPATRICK, individually and on behalf of all others similarly situated, | Case No.: 2:24-at-00884 |
| 13 | |
| 14 | CLASS ACTION |
| Plaintiff, | |
| 15 | COMPLAINT FOR: |
| 16 vs. | 1) Violations of Cal. Civil Code §1750 (CLRA) |
| 17 HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 10, inclusive, | 2) Violations of Cal. Bus. & Prof. Code § 17500 *et seq*. (FAL) |
| 18 | |
| 19 Defendants. | 3) Violations of Cal Bus. & Prof. Code § 17200 *et seq*. (UCL) |
| 20 | |
| 21 | (Jury Trial Demanded on all Causes of Action so Triable) |
| 22 | |
| 23 | |

24
25
26
27
28

CLASS ACTION COMPLAINT

Plaintiff Jerry Kirkpatrick, individually and on behalf of all others similarly situated ("Class"), brings this Class Action Complaint against Defendants Home Depot U.S.A., Inc. and DOES 1 through 10, inclusive (together "Home Depot"[1]), upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief. This Court has jurisdiction over this action under 20 U.S.C. § 1332(d).

## I.   INTRODUCTION

1.   Home Depot is the largest home improvement retailer in the United States. Along with selling Christmas lights made by national brands, Home Depot also sells Christmas lights under its private-label brand, Home Accents Holiday Decor ("Home Accents"). Plaintiff brings this lawsuit to redress Home Depot's unlawful and deceptive practices in connection with the sale, marketing, and distribution of its Home Accents LED Christmas lights that it mislabels as having standard C9 bulbs.

2.   Although Christmas lights come in an array of shapes and sizes, there are two standard bulb sizes: C7 and C9. These standard bulbs fit into any compatible socket regardless of the brand. Industry lighting standards define the dimensions of C7 and C9 bulbs. This is important because consistency in physical characteristics—size, shape, and base—simplifies the consumer's ability to choose the appropriate bulbs and replacement bulbs for their decorations. Despite style variations, the core dimensions of the C7 and C9 bulbs should remain uniform.

3.   Home Depot sells and distributes Home Accents LED Christmas lights that are conspicuously labeled and advertised as standard C9 bulbs. Yet the Home Accents lights are smaller, narrower, have a different base, and do not otherwise meet the dimensions and characteristics of a C9 bulb. As a result, the C9 label is

---

[1] Throughout this Complaint, Plaintiff uses the term "Home Depot" as a collective noun that refers to all Defendants, both collectively and separately.

1 materially false and misleading.

2     4.    Home Depot's conduct constitutes unlawful and deceptive business

3 practices that violate California's Consumer Legal Remedies Act, Cal. Civ. Code

4 §§ 1750 *et seq*. ("CLRA"); California's False Advertising Law, Cal. Bus. & Prof.

5 Code §§ 17500 *et seq*. ("FAL"); and California's Unfair Competition Law, Cal.

6 Bus. & Prof. Code §§ 17200 *et seq*. ("UCL").

7 

**II. <u>PARTIES</u>**

8     5.    Plaintiff Jerry Kirkpatrick is and was at all relevant times a citizen and

9 domiciliary of Orangevale, California, in the County of Sacramento. Plaintiff paid

10 $48.96 (including $3.48 in tax) for Home Depot's Home Accents Holiday brand

11 LED Christmas lights, which he purchased on November 15, 2023, at a Home

12 Depot on 6001 Madison Avenue in Carmichael, California.

13     6.    Defendant Home Depot, U.S.A., Inc. is a Delaware corporation with a

14 principal place of business in Atlanta, Georgia.

15     7.    The true names and capacities, whether individual, corporate, associate,

16 governmental, or otherwise of DOE 1 through DOE 10, inclusive, are unknown to

17 Plaintiff at this time, who therefore sues said defendants by such fictitious names.

18 When the true names and capacities of those defendants are learned, Plaintiff will

19 amend this complaint accordingly. On information and belief, each of the

20 defendants designated herein as a DOE was responsible in some way for the events

21 and happenings referred to and proximately caused the injuries and damages

22 sustained by Plaintiff and the proposed Class as herein alleged, either through their

23 own conduct or through the conduct of their agents, servants, or employees.

24     8.    At all times herein mentioned, on information and belief, each

25 Defendant was the agent, servant, and/or employee of each of the remaining

26 defendants, and was at all times acting within the course and scope of such agency,

27 employment, or servility.

28

CLASS ACTION COMPLAINT

### III.   JURISDICTION AND VENUE

**A. Jurisdiction**

9.   Jurisdiction is proper in this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Home Depot is incorporated and/or has its principal place of business outside the state in which Plaintiff and members of the proposed Class reside. Also, there are more than 100 Class Members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

10.  This Court has personal jurisdiction over Home Depot because Home Depot is a foreign corporation authorized to do business in California, is registered with the California Secretary of State, has sufficient minimum contacts with California, and/or otherwise intentionally avails itself of the laws and markets of California through the sale and distribution of its Home Accents Holiday Christmas lights products within California to render the exercise of jurisdiction by the California courts permissible.

**B. Venue**

11.  Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because Home Depot's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district. Home Depot has caused harm to Class Members residing in this district and is otherwise subject to personal jurisdiction here.

12.  Plaintiff and other Class members suffered injuries and losses in this District that were foreseeable to Home Depot.

13.  As set forth in the attached declaration, venue in this County is appropriate under California Civil Code § 1780(c).

### IV.   FACTUAL ALLEGATIONS

**A.   Home Depot Mislabels Its Holiday Decor LED C9 Lights.**

14.  Christmas lights come in two standardized bulb sizes: C7 and C9. Standardization ensures that a bulb will fit into any compatible socket, regardless

CLASS ACTION COMPLAINT

of the brand. Consistency in physical characteristics simplifies choosing bulbs, replacement bulbs, or adding similar light strings to existing decorations. Just like a AAA battery will fit any battery compartment made for AAA batteries, a C9 bulb should fit any socket designed for C9 bulbs.

15. In the United States, the American National Standards Institute ("ANSI") coordinates the development of voluntary standards across various industries. A series of ANSI standards detail the dimensions and electrical characteristics of standard lightbulbs used in the United States. ANSI lighting standards are developed by Technical Development Organizations ("TDOs"), such as the Illuminating Engineering Society ("IES"), but are only approved after gaining consensus from lighting manufacturers, government agencies, and consumer groups (among other interested parties).

16. The C9 designation signifies specifications defined by ANSI and other widely accepted norms of the lighting industry. For example, under ANSI C78.79, the "C" means "conical," and the number that follows refers to the diameter or width of the bulb in 1/8ths of an inch. Thus, a C9 light should have a conical bulb with a 9/8ths inch diameter.

17. Standard C9 bulbs also have standardized bases, which provide the physical connection between the bulb and the socket. The most common base is the Edison screw base, designated by an "E" followed by a number that refers to the diameter of the base in millimeters (e.g., E17 stands for an Edison base with a 17-millimeter diameter).

18. Any C7 bulb will fit a C7 socket, and any C9 bulb will fit any socket designed for C9 bulbs. These bases also have a specific thread pattern to securely attach to compatible light sockets.

19. Home Depot sells its Home Accents brand of Christmas lights online, through its own retail stores, and through third-party retailers.

20. Although Home Depot sells Home Accents LED Christmas lights that

CLASS ACTION COMPLAINT

are conspicuously labeled and advertised as C9 ("Home Accents C9"),[2] they deviate in material ways from standardized C9 lights:

      a.    *First,* Home Accents C9 bulbs have a maximum width of 1.04". This is much narrower than the standard 9/8ths of an inch (1.25") specified by the standards.

      b.    *Second,* Home Accents C9 bulbs are not as bright as other standard C9 bulbs, despite Home Depot's representations that they are far brighter than standard C9 bulbs on the packaging and advertising.

      c.    *Third,* Home Accents C9 lights do not have a standard Edison base, and it has a different thread pattern. As a result, they are not compatible with other C9 LED sets or replacement bulbs.

/ / /

/ / /

/ / /

---

[2] Home Accents Holiday *incandescent* Christmas lights labeled as C9 are not at issue in this lawsuit.

CLASS ACTION COMPLAINT

21. Dimensionally, the Home Accents C9 lights are closer in size and shape to a C7 bulb. And the Home Accents C9 lights do not fit the size and shape of either a C7 or a C9 bulb nor do they come with a standard base.[3] As a result, the C9 label is false and misleading.



*Side-by-side comparison of Home Accents LED C9 bulb (top) with a Home Accents incandescent bulb (bottom) that meets the C9 standard.*

## B.   Home Depot's Deceptive Advertising

22. Home Depot knows, or at least it should know, that its Home Accents C9 bulbs are mislabeled. Yet Home Depot has sought to capitalize on the consumer demand for standardized Christmas lights by uniformly and falsely labeling its cheaper and smaller LED bulbs as C9.

23. Online customers can shop for Home Depot Christmas lights by sorting among various features. On its *Christmas Lights* webpage, for example, the customer can filter by categories such as "Indoor/Outdoor," "Bulb Shape," and "Light Type." For "Bulb Shape," Home Depot offers eight types of bulb shapes to sort from, including the standard C7 or C9 bulbs.[4] Once the customer selects a

---

[3] The C8 is not a standard size for Christmas lights, and there is no real market for such lights.

[4] See https://www.homedepot.com/b/Holiday-Decorations-Christmas-Decorations-

CLASS ACTION COMPLAINT

product, the product page conspicuously identifies the size and shape of the light bulb (e.g., C7 or C9), both in the product name and its specifications.



*Home Accents product page with "C9" included as part of the product name.*

24.  For in-store purchases, the packaging also prominently identifies the bulb shape and size. A customer in search of C9 lights will find C9 on the front of the packaging.

/ / /

/ / /

/ / /

_____

[Christmas-Lights/LED/N-5yc1vZc3tbZ1z11erc](Christmas-Lights/LED/N-5yc1vZc3tbZ1z11erc), last accessed July 8, 2024.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10



*An example of the retail packaging for Home Accents C9 LED lights - front.*

11
12
13
14
15
16
17



*An example of the retail packaging for Home Accents C9 LED lights - back*

18

19     25.  Home Depot's labeling of its Home Accents C9 lights is misleading,
20  untrue, and not something that can be readily verified by the end consumer. Home
21  Depot's false labeling allowed it to sell its product at a higher price and realize
22  sales it would not have otherwise made if the product were not falsely labeled as
23  having C9 bulbs.

24  **C.     Plaintiff's Purchasing Experience and Economic Injury**

25     26.  On November 15, 2023, Plaintiff purchased for personal or household
26  use the following Home Accents Holiday products from the Home Depot retail
27  store, located at 6001 Madison Avenue, Carmichael, California, 95608: (1) 24
28  count red/warm white C9 LED Lights, for $16.98, and (2) 50 count Warm White

CLASS ACTION COMPLAINT

C9 LED Lights, for $27.98. Plaintiff also paid a sales tax of $3.48 on these purchases, bringing his total amount to $48.44, including the tax. Before making the purchase, Plaintiff saw and relied on misrepresentations that the lights met the C9 standard and that they were "super bright" and up to 2x brighter than other standard C9 lights.

27. Before buying the Home Accents C9 lights, Plaintiff reviewed the packaging. The main features he cared about were the size and shape of the bulb, compatibility with his existing light strings, and brightness. An image of the packaging of the products Plaintiff purchased as well as the receipt is attached hereto as **Exhibit A**.

28. The representation on the package was false and misleading because the lights that he purchased do not have the dimensions and characteristics of a standard C9 bulb.

29. The misrepresentation that the Home Accents C9 lights conform to the standardized criteria of a C9 bulb is material information to the reasonable consumer. If the Home Accents C9 lights had been accurately labeled, Plaintiff and other Class members would not have purchased the product and/or would not have paid as much for them. Furthermore, Plaintiff and the Class received a product of different and substantially lesser value. Put differently, Plaintiff and the Class surrendered more and acquired less in their transactions than they would have if Home Depot had told the truth about the product. Accordingly, Plaintiff and the Class did not realize the benefit of the bargain in purchasing the product, and their expectations were not met. Plaintiff also suffered loss of the use and usefulness of the product.

30. Plaintiff and the Class relied on the above-described false statements in deciding to buy and/or pay the price that they paid for the Home Accents C9 lights.

31. On information and belief, Home Depot intended for consumers to rely on its false representations.

CLASS ACTION COMPLAINT

# V. <u>CLASS ACTION ALLEGATIONS</u>

32. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of herself and the following Class:

> All residents of California who purchased, as new, for personal or household use, Home Accents Holiday C9 LED Christmas lights, from four years prior to the filing of this Complaint up to and including the date that notice is given to the Class.

33. The following are excluded from the Class: (a) Home Depot and its board members, executive-level officers, attorneys, and immediate family members of any such persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; (d) any person who purchased Home Accents Holiday C9 LED Christmas lights that caused an injury or death; and (e) any person who timely and properly excludes himself or herself from the Class.

34. Plaintiff may alter the Class definitions as necessary at any time to the full extent permitted by applicable law.

## A. **Federal Rules of Civil Procedure, Rule 23(a) Factors**

<u>Numerosity—FRCP 23(a)(1)</u>

35. The members of the proposed Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.

36. Although the precise number of Class members is unknown to Plaintiff, on information and belief, the Class would easily number in the thousands.

37. On information and belief, the true size of the Class is readily ascertainable through Home Depot's business records and other means.

<u>Commonality—FRCP 23(a)(2).</u>

38. This action involves questions of law and fact common to the Class, which include the following:

> a. whether Home Depot's statements about and labeling of the Home Accents C9 lights are false and misleading;

CLASS ACTION COMPLAINT

b. whether Home Depot's representations that its Home Accents LED Christmas lights have C9 bulbs is material;

c. whether the Home Accents C9 lights' value was commensurate to the amount of money Plaintiff and the Class paid, and, if not, the difference between their actual value and the amount paid.

d. whether Home Depot should be ordered to disgorge all or part of the monies it received from Class members in exchange for the product;

e. whether Plaintiff and the Class are entitled to damages, restitution, or other relief sought in this Complaint;

f. the amount to which Plaintiff and the Class are entitled;

g. Whether Home Depot violated the UCL by (among other things) making misleading representations that its lights had C9 bulbs;

h. Whether Home Depot violated the FAL by (among other things) advertising that its lights had C9 bulbs;

i. Whether Home Depot violated the CLRA by (among other things) (i) representing that its Home Accents C9 lights have characteristics, uses, benefits, or quantities that they do not have, in violation of Cal. Civil Code § 1770(a)(5); (ii) representing that its lights are of a particular standard, quality, or grade, when they are not, in violation of Cal. Civil Code § 1770(a)(7); or (iii) advertising its lights with intent not to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

39. These common issues will drive the resolution of the litigation in that their determination will resolve in one stroke issues that are central to the validity of each Class members' claims.

Typicality—FRCP 23(a)(3).

40. Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the Class members paid for one or more of the Home Accents C9

lights but received less than the full value due to Home Depot's misrepresentations and/or omissions. Class members, like Plaintiff, would not have purchased and/or paid as much for the product had Home Depot not made the above-described material misrepresentations.

41. Plaintiff and Class members were all exposed to the same standard misrepresentations.

42. Plaintiff and each Class member suffered damages or lost money or property. Damages that are calculable on a class-wide basis; the claims all arise from a single course of conduct by Home Depot; and each Class member would individually make similar legal and factual arguments to establish Home Depot's liability.

43. There are no defenses available that are unique to the Plaintiff.

Adequacy—FRCP 23(a)(4).

44. Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class members.

45. Plaintiff has retained counsel competent and experienced in complex litigation, including class actions, and Plaintiff intends to prosecute this action vigorously on behalf of the Class. Plaintiff's counsel have ample resources to do so.

46. Plaintiff has no interests that are antagonistic to those of the Class and she will fairly and adequately protect the proposed Class members' rights, as will counsel.

**B.    Federal Rules of Civil Procedure, Rule 23(b)(2) Factors**

47. As set forth herein, Home Depot has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate for the Class as a whole.

CLASS ACTION COMPLAINT

## C.      Federal Rules of Civil Procedure, Rule 23(b)(3) Factors

Common Issues Predominate

48. The factual and legal issues identified above (a) are common to the Class, (b) arise from a common course of conduct by Home Depot, (c) predominate in number and importance over questions that may not be common to the Class, and (d) preclude neither class-wide calculation of damages nor the methodological determination of how such damages should be allocated among Class members.

Superiority

49. A class action is a superior means to ensure the fair and efficient adjudication of this case.

50. The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of the claims described herein against Home Depot, so making the Class whole in the absence of a Class action is unlikely and impracticable.

51. Class members have relatively less interest in individually controlling the prosecution of separate actions and it cannot be said that the interests of individuals pursuing individual cases in conducting separate lawsuits is so strong as to call for denial of a class action.

52. Home Depot has no facially plausible interest in defending against separate, geographically dispersed claims, and, in fact, that would be more burdensome than defending against all claims in a single forum and proceeding.

53. The judicial system has no interest in burdening a number of courts when the claims of this highly cohesive Class can be fairly and efficiently concentrated and managed by this Court. Finally, individual actions would increase the delay and expense to all parties involved and to the courts. By proceeding as a class action, the claims at issue can be managed efficiently through economies of scale.

54. Further, without class certification, the prosecution of separate actions by individuals would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Home Depot, as it has acted or refused to act on grounds generally applicable to the Class and, as such, corresponding declaratory relief for the members of the Class as a whole is appropriate.

**D.    Federal Rules of Civil Procedure, Rule 23(c)(4) Particular Issues**

55. Any or all of the issues identified above are appropriate for certification pursuant to Federal Rules of Civil Procedure, Rule 23(c)(4) because each is particular and common to the Class and the resolution of each or all would materially advance the disposition of this action and the parties' interests.

56. Certification of particular issues would move the litigation forward efficiently, saving money, time, and judicial resources for all involved, regardless of whether the action as a whole might be certified.

## VI.    <u>CLAIMS FOR RELIEF</u>

**COUNT I: Violations of California's Consumers Legal Remedies Act
(Cal. Civil Code § 1750, *et seq.*)**

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56, above, and brings this claim on behalf of Plaintiff and the Class.

58. The CLRA prohibits deceptive practices by any business that provides goods, property, or services primarily for personal, family, or household purposes.

59. Plaintiff and the Class members are "consumers" as defined in California Civil Code § 1761(d).

60. The Home Accent Holiday C9 lights are "goods" as defined in California Civil Code § 1761(a).

61. Home Depot is a "person" as defined in California Civil Code § 1761(c).

62. Plaintiff's and the Class members' purchases of the Home Accent

Holiday C9 lights are "transactions" as defined in California Civil Code § 1761(e).

63. Home Depot's representations that the lights are C9 bulbs are false and/or misleading as alleged throughout this Complaint.

64. Home Depot's false or misleading representations were made to the entire Class and were such that a reasonable consumer would attach importance to them in making his or her purchasing decision.

65. Home Depot knew or should have known its representations and omissions were material and were likely to mislead consumers, including Plaintiff and the Class.

66. Home Depot's practices, acts, and course of conduct in marketing and selling the Home Accent C9 lights were and are likely to mislead reasonable consumers acting reasonably under the circumstances to their detriment, and in fact, consumers were misled.

67. Home Depot's false and misleading representations were designed to, and did, induce the purchase and use of the Home Accent C9 lights for personal, family, or household purposes by Plaintiff and the Class, which violated and continues to violate these sections of the CLRA:

a.    § 1770(a)(5): representing that goods have characteristics, uses, benefits, or quantities that they do not have;

b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another; and

c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised.

68. Home Depot profited from the sale to unwary customers of the falsely and deceptively advertised and labeled Home Accents C9 lights.

69. Home Depot's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

70. Home Depot's wrongful business practices were a direct and proximate

CLASS ACTION COMPLAINT

cause of actual harm to Plaintiff and to each Class member.

71. Plaintiff sent notice to Home Depot under California Civil Code § 1782(a). 30 days since Plaintiff sent the CLRA notice has expired, and Home Depot has not provided a reasonable cure or offer of a cure. As a result, Plaintiff seeks damages on behalf of herself and the Class, as alleged herein, based on the foregoing CLRA violations.

### COUNT II: Violations of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

72. 57.  Plaintiff realleges and incorporates by reference paragraphs 1 through 56, above, and brings this claim on behalf of Plaintiff and the Class.

73. Home Depot has disseminated, or caused to be disseminated, to Plaintiff and the Class statements that are untrue or misleading, and which are known, or which by the exercise of reasonable care should be known to be untrue or misleading, in violation of California's False Advertising Law, Business and Professions Code, § 17500 et seq. Specifically, and as alleged above, Home Depot marketed and advertised Home Accents LED Christmas lights as being C9 lights when they were not.

74. Home Depot's use of these unlawful advertising practices injured Plaintiff and the Class because absent Home Depot's deceptive practices they would not have purchased the Home Accents C9 lights or paid as much for them.

75. Because Plaintiff and the Class are victims of Home Depot's conduct alleged herein, Plaintiffs and the Class seek full restitution of monies, as necessary and according to proof.

76. All of the wrongful conduct alleged herein occurred and continues to occur in the conduct of Home Depot's business. Home Depot's wrongful conduct is part of a pattern of generalized course of conduct that is still perpetuated and repeated in the State of California.

77. Plaintiffs request that this Court enter such orders or judgments as may

be necessary to enjoin Home Depot from continuing their unfair, unlawful and/or deceptive practices, and to restore to Plaintiff and the Class the monies that Home Depot acquired by means of such unfair competition, including restitution and/or restitutionary disgorgement, unjust enrichment and for any other relief that may be appropriate.

78. Plaintiffs needed to retain the services of counsel to file this action to protect their interests and those of the Class, to obtain restitution, to secure injunctive relief, and to enforce important rights affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees that should not in the interest of justice be paid out of a recovery under applicable law, including California Code of Civil Procedure § 1021.5.

79. Pursuant to California Business & Professions Code § 17535, Plaintiff, on behalf of himself and the Class, seeks (a) any order or judgment necessary to restore to Plaintiff and the Class any money Home Depot may have acquired through violation of the FAL; and (b) imposition of civil penalties.

## COUNT III: Unfair Competition Law
### (Cal. Business and Professions Code § 17200)

80. Plaintiff realleges and incorporates by reference paragraphs 1 through 56, above, and brings this claim on behalf of Plaintiff and the Class.

81. Home Depot has engaged and continues to engage in unlawful, fraudulent and/or unfair business acts or practices in California, as well as unfair, deceptive, untrue or misleading advertising in California, in violation of California's Unfair Competition Law ("UCL"), Business and Professions Code, § 17200 et seq.

82. Home Depot violated the unlawful prong of §17200 by its violation of Cal. Bus. & Prof. Code § 17500 and the Consumer Legal Remedies Act, Cal. Civil Code § 1770 et seq., as alleged above.

83. Home Depot violated the fraudulent prong of § 17200 by making false

CLASS ACTION COMPLAINT

statements that were likely to deceive consumers and did deceive Plaintiff, as alleged herein.

84. Home Depot violated the unfair prong of the UCL because the acts and practices set forth in the Complaint (1) offend established policy and work harm to Plaintiff and the Class as well as competition, (2) are not outweighed by any countervailing benefits to consumers or competition, or (3) the harm could not have been reasonably avoided by Plaintiff and the Class.

85. Home Depot's use of these practices injured Plaintiff and the Class because absent Home Depot's deceptive practices they would not have purchased the Home Accents C9 lights or paid as much for them.

86. Because Plaintiffs are victims of Home Depot's conduct alleged herein, Plaintiff and the members of the Class seek full restitution of monies, as necessary and according to proof.

87. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint.

88. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Home Depot's business.  Home Depot's wrongful conduct is a part of a pattern of generalized course of conduct that is still perpetuated and repeated in the State of California.

89. Plaintiff request that this Court enter such orders or judgments as may be necessary to enjoin Home Depot from continuing its unfair, unlawful and/or deceptive practices, and to restore to Plaintiff and the Class the monies that Home Depot acquired by means of such conduct, including restitution and/or restitutionary disgorgement, unjust enrichment and for any other relief that may be appropriate.

90. Plaintiffs needed to retain the services of counsel to file this action to protect their interests and those of the Class, to obtain restitution, to secure injunctive relief and to enforce important rights affecting the public interest.

Plaintiff and the Class is therefore entitled to an award of attorneys' fees that should not in the interest of justice be paid out of a recovery, if any, under Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, respectfully requests an order certifying the Class, naming Plaintiff as Class representative, requiring Home Depot to pay for Class notice, and appointing Plaintiff's counsel as Class counsel, and further seeks the following relief:

A.  An order certifying the Class, naming Plaintiff as Class representative and appointing Plaintiff's counsel as Class counsel;

B.  an order declaring that Home Depot is financially responsible for notifying the Class members of the pendency of this action;

C.  monetary damages, including, but not limited to, any compensatory, incidental, consequential, statutory, and/or punitive damages in an amount that the Court or jury will determine, in accordance with applicable law and in accordance with the above allegations;

D.  statutory penalties;

E.  an award of restitution and disgorgement;

F.  all other appropriate relief;

G.  reasonable costs and expenses of suit, including attorney's fees;

H.  pre- and post-judgment interest to the extent the allowed in law or in equity;

I.  and any such further relief in law or equity as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims and issues so triable.

CLASS ACTION COMPLAINT

Dated: July 12, 2024                    NELSON & FRAENKEL LLP


                                        *s/ Carlos F. Llinas Negret*
                                        Gretchen Nelson
                                        Gabriel S. Barenfeld
                                        Carlos F. Llinas Negret

                                              -and-

                                        Timothy M. Frank (CA SBN 263245)
                                        David M. Noll (PHV to be submitted)
                                        david.noll@hnbllc.com
                                        Timothy.Frank@hnbll.com
                                        HAGAN NOLL & BOYLE LLC
                                        Two Memorial City Plaza
                                        820 Gessner, Suite 940
                                        Houston, TX 77024
                                        Tel: (713) 343-0478

CLASS ACTION COMPLAINT

NELSON & FRAENKEL, LLP
Gretchen Nelson (SBN 112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (SBN 224146)
gbarenfeld@nflawfirm.com
Carlos F. Llinas Negret (SBN 284746)
cllinas@nflawfirm.com
601 So. Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: (844) 622-6469 / Fax: (213) 622-6019

[Additional Counsel on Signature Page]

*Counsel for Plaintiff & the Proposed Class*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY KIRKPATRICK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>       Defendants. | CLASS ACTION<br><br>CLRA DECLARATION SUPPORTING VENUE, Cal. Civ. Code, § 1780(d) |

I, Gabriel S. Barenfeld, declare as follows:

1.     I am counsel for Plaintiffs, and I am a partner at Nelson & Fraenkel, LLP. I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.     The complaint filed in this action is filed in the proper place for trial because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff Jerry Kirkpatrick alleges that he resides in this District, as he is a resident of Orangevale, California, in the County of Sacramento.

3.     I declare under penalty of perjury that the foregoing is true and correct, executed on July 12, 2024, at Los Angeles, California.


*s/ Gabriel Barenfeld*
Gabriel S. Barenfeld

2