UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY KIRKPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT, INC.,<br><br>Defendant. | No.  2:24-cv-01927-DAD-CKD<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. No. 27) |

This matter is before the court on defendant Home Depot Inc.'s motion to dismiss plaintiff Jerry Kirkpatrick's first amended complaint ("FAC"). (Doc. No. 27.) On September 16, 2025, the motion was taken under submission pursuant to Local Rule 230(g). (Doc. No. 32.) For the reasons explained below, defendant's motion to dismiss will be granted, with leave to amend.

**BACKGROUND**

On August 8, 2025, plaintiff filed the operative FAC. (Doc. No. 26.) Therein, plaintiff alleges, in relevant part, as follows.

Defendant Home Depot, the largest home improvement retailer in the United States, sells LED Christmas lights (the "Product") online, in Home Depot retails stores, and through third-party sellers under the Home Depot brand, Home Accents Holiday Décor. (Doc. No. 26 at ¶ 1, 19.) Defendant sold, distributed, and advertised the Product with a conspicuous label that

1

designated it as having a standard C9 bulb.[1]  (*Id.* at ¶¶ 3, 20.)  On November 15, 2023, plaintiff purchased the Product for $48.96 at a Home Depot store in Carmichael, California.  (*Id.* at ¶ 5.)  "The main features he cared about were the size and shape of the bulb, compatibility with his existing light strings, and brightness."  (*Id.* at ¶ 32.)  Plaintiff alleges that, before making his purchase, he saw and relied on the representations made on the Product's packaging regarding its conformity to the C9 standard and how the Product was "up to 2x brighter" than other standard C9 bulbs.  (*Id.* at ¶ 31.)  However, the Product deviated from the C9 specifications in three significant ways:  (1) The Product has a maximum width of 1.04", which is narrower than the standard 1.125" C9 light bulbs; (2) The Product's brightness is dimmer than standard C9 lights despite defendant's representations that the Product is "far brighter" than standard C9 bulb; and (3) The Product does not have a standard Edison base and instead has a different thread pattern, which therefore makes it incompatible with other C9 LED light sets and replacement bulbs.  (*Id.* at ¶ 20.)

In its July 21, 2025 order, the court dismissed all three of the claims that plaintiff alleged in his initial complaint with leave to amend.  (Doc. No. 25 at 6–18.)  In that order, the court concluded that plaintiff's original complaint failed to plausibly allege both his entitlement to equitable relief and the knowledge element of his fraud claims.  (*Id.*)  In the FAC, plaintiff has now alleged additional facts in support of his claims for equitable relief and defendant's knowledge of the misrepresentations.

Plaintiff now alleges that he "would purchase the Home Accents Holiday C9 LED Christmas lights from Home Depot again in the future if the lights did in fact contain accurately labeled C9 bulbs, but he would be unable to rely on the product's C9 labeling at that time."  (Doc. No. 26 at ¶ 37.)  He further alleges that defendant "marketed the bulbs as 'up to 2x brighter' than standard C9s and included the wattage specifications."  (*Id.* at ¶ 27.)  Such claims, plaintiff alleges, "necessary [sic] imply product testing" as to the Product's dimensions and brightness,

---

[1]  A C9 designation signifies that the bulb conforms to certain specifications set by the American National Standards Institute ("ANSI") and "other widely accepted norms of the lighting industry."  (Doc. No. 26 at ¶¶ 15–16.)

"[a]nd any such testing would have revealed the dimensions, brightness, and that the bulbs weren't true C9s." (*Id.*)  Plaintiff also alleges that by labeling the Product as a C9 bulb, defendant, as "a sophisticated and experienced seller of lighting products . . . made a measurable and verifiable assertion" that presupposes knowledge of the ANSI and that the product adheres to the ANSI C9 standards. (*Id.* at ¶ 28.)  Plaintiff further alleges that because defendant sold and correctly labeled C7 bulbs and incandescent C9 bulbs, this demonstrates defendant's knowledge of the ANSI standards and ability to distinguish between different light bulb classifications. (*Id.* at ¶ 29.)  Finally, plaintiff alleges that defendant claimed that the ANSI standard allows rounding up the bulb dimensions, but ANSI "expressly prohibits such rounding when, as in the case of the [Product], the variance exceeds 1/16th of an inch." (*Id.* at ¶ 30.)  In this regard, plaintiff alleges that defendant's contrary claim reflects a reckless disregard for the truth, especially because the Product conforms more closely to the C8 light bulb standards for which there is less of a commercial appeal. (*Id.*)

Based on these and other allegations, plaintiff asserts three claims on behalf of himself and the putative class of similarly situated individuals:  (1) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 *et seq.*; and (3) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.* (*Id.* at ¶¶ 63–96.)  Plaintiff seeks damages as to his first claim (*Id.* at ¶ 77), and restitution, injunctive relief, disgorgement, and attorneys' fees in connection with his second and third claims (*Id.* at ¶¶ 81, 83–84 92, 95–96).  Plaintiff also seeks civil penalties as to his second claim. (*Id.* at ¶ 85.)

/////

/////

/////

/////

/////

/////

3

On August 22, 2025, defendant filed the pending motion to dismiss plaintiff's FAC. (Doc. No. 27.)  On September 17, 2025, plaintiff filed an opposition to the pending motion (Doc. No. 33),[2] and defendant filed its reply on October 1, 2025 (Doc. No. 34).[3]

**LEGAL STANDARDS**

**A.      Motion to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed

[2]  When it originally filed the pending motion to dismiss, defendant failed to comply with the meet and confer requirements imposed by the court's standing order.  (Doc. Nos. 15-1, 28.)  Because of this, on August 25, 2025, the court issued an order directing defendant to file a meet and confer certification and extending plaintiff's deadline to oppose the motion to dismiss to 14 days from defendant's filing of the meet and confer certification.  (Doc. No. 28.)  Defendant filed its meet and confer certification on September 3, 2025 (Doc. No. 29), and plaintiff's opposition to the motion was therefore timely filed.

[3]  On September 9, 2025, the court also issued an order pursuant to a stipulation filed by the parties extending the time for defendant's filing of its reply brief to October 1, 2025.  Thus, defendant's reply was also timely filed.

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.   Pleading Fraud Pursuant to Rule 9(b)**

A complaint alleging fraud must also satisfy heightened pleading requirements.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003)).  "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107.

"Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (citations and internal quotation marks omitted).  To satisfy the particularity standard of Rule 9(b), the plaintiff must allege the "'who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Vess*, 317 F.3d at 1106).

**DISCUSSION**

Before addressing the merits of defendant's motion to dismiss, the court first considers its unopposed request for judicial notice.

/////

5

**A.      Request for Judicial Notice**

In connection with the motion to dismiss, defendant requests that the court take judicial notice of two documents:  (1) Exhibit A, the ANSI "About" webpage, https://webstore.ansi.org/info/about; and (2) Exhibit B, ANSI Standard C78.79: Nomenclature for Envelope Shapes Intended for Use with Electric Lamps.  (Doc. No. 27-1 at 2; 27-2; 27-3.)  In its prior order granting defendant's motion to dismiss, the court granted defendant's request for judicial notice of these two documents.  (Doc. No. 25 at 5–6.)  However, the court does not rely on either exhibit in resolving the pending motion to dismiss, so defendant's request for judicial notice will be denied.  *Arroyo v. PA Hotel Holdings, LLC*, No. 21-cv-00343-SVK, 2021 WL 4145970, at *2 (N.D. Cal. Apr. 23, 2021);  *Limcaco v. Wynn*, No. 2:20-cv-11372-RSWL-MAA, 2021 WL 5040368, at *8 (C.D. Cal. Oct. 29, 2021), ("[T]he Court declines to take judicial notice of these documents because they are unnecessary to the determination of the present motions and the Court does not rely on them."), *aff'd*, No. 21-56285, 2023 WL 154965 (9th Cir. Jan. 11, 2023).

**B.      Defendant's Arguments[4]**

In moving to dismiss, defendant argues that plaintiff's FAC fails to cure the pleading deficiencies previously identified by the court with respect to his request for injunctive and other

---

[4]  Defendant argues that plaintiff's allegations regarding the Product's base and brightness fail to state a claim.  (Doc. No. 27 at 11–16.)  In the court's order granting defendant's motion to dismiss the original complaint, the undersigned found that plaintiff had plausibly alleged an actionable misrepresentation as to all three of his claims "on the basis that the Product bulbs are described as C9s but do not meet standard C9 sizing."  (Doc. No. 25 at 7–11.)  In so concluding, the undersigned did not address the defendant's arguments challenging the sufficiency of plaintiff's allegations regarding the Product's base and brightness.  Defendant again argues that plaintiff's allegations with respect to base and brightness fail to state a cognizable claim.  (Doc. Nos. 11 at 18–23; 27 at 11–16.)  While not expressly stated in the motion, it appears that defendant is requesting that the court strike these factual allegations from the FAC.  However, a 12(b)(6) motion is an improper mechanism to dismiss specific factual allegations from the complaint where the claim plausibly alleges a claim for relief.  *Redwind v. W. Union, LLC*, No. 3:18-cv-02094-SB, 2019 WL 3069864, at *4 (D. Or. June 21, 2019) (collecting cases and recognizing "courts may not dismiss only some of the claim's allegations if the claim otherwise survives."), *report and recommendation adopted*, No. 3:18-cv-02094-SB, 2019 WL 3069841 (D. Or. July 12, 2019); *Young Hollywood LLC v. White Ops, Inc.*, No. 20-cv-03334-PA-RAO, 2020 WL 6162795, at *6–7 (C.D. Cal. Aug. 6, 2020) (concluding that a Rule 12(b)(6) motion cannot be used to dismiss specific allegations within a claim).

6

equitable relief.  (Doc. No. 27 at 19–21.)  Defendant also argues that plaintiff's CLRA, FAL, and UCL claims must be dismissed because the FAC still fails to adequately allege defendant's knowledge of the misrepresentation.  (Doc. No. 27 at 16–19.)  Below the court addresses each argument in turn.

### 1.    Equitable Relief

Defendant argues that the FAC fails to plead sufficient facts to support plaintiff's claim for equitable relief.  (Doc. No. 27 at 19.)  In this regard, defendant contends that claim fails for two reasons:  (1) plaintiff lacks standing to seek injunctive relief because he has failed to plead facts that if proven would establish imminent harm; and (2) plaintiff is not entitled to other equitable relief because the FAC fails to allege that he lacks an adequate remedy at law.  (*Id.* at 19–21.)  In opposition, plaintiff argues that the FAC establishes his standing to seek injunctive relief because he has alleged that he would purchase the Product again if it "truly contained C9 bulbs, but he could not rely on the product's labeling without an injunction."  (Doc. No. 33 at 14 (citing Doc. No. 26 at ¶ 37).)  Additionally, plaintiff contends that there is a plausible risk of future harm because the misrepresentation at issue here is not self-evident, especially if the Product is purchased online.  (*Id.* at 15.)  Finally, plaintiff argues that, while he seeks the award of damages for money already spent purchasing the Product, an injunction is necessary to ensure that the Product is labeled correctly in the future.  (*Id.* at 16.)  In reply, defendant contends that plaintiff has conceded in his opposition "that his claim for equitable *restitution* fails because he has not alleged an inadequate remedy at law."  (Doc. No. 34 at 13.)

### a.    *Injunctive Relief*

The Ninth Circuit has stated that, in the consumer protection context, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase[.]"  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018).  "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future."  *Id.* (footnote omitted).  "To have standing to seek injunctive relief, the 'threatened injury must be certainly impending to constitute injury in fact'

and 'allegations of *possible* future injury are not sufficient.'" *In re Coca-Cola Prods. Mktg. & Sales Pracs. Litig.*, No. 20-15742, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021)[5] (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).  "An actionable cognizable injury exists where a plaintiff alleges that they cannot rely on defendant's labeling when deciding whether to purchase products in the future." *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 916 (E.D. Cal. 2020) (citation omitted).

As noted, in his FAC plaintiff alleges that he "would purchase the Home Accents Holiday C9 LED Christmas lights from Home Depot again in the future if the lights did in fact contain accurately labeled C9 bulbs, but he would be unable to rely on the product's C9 labeling at that time." (Doc. No. 26 at ¶ 37.)  "Plaintiff has alleged that [he] cannot rely on Defendant's labeling, and thus cannot purchase their products although [he] would like to do so in the future if properly labeled." *Ary v. Target Corp.*, No. 22-cv-02625-HSG, 2023 WL 2622142, at *4 (N.D. Cal. Mar. 23, 2023).  Such an allegation is sufficient to adequately plead a basis for injunctive relief.  *Id.*; *Shank v. Presidio Brands, Inc.*, No. 17-cv-00232-DMR, 2018 WL 1948830, at *5 (N.D. Cal. Apr. 25, 2018) (finding allegations that the plaintiff wanted to purchase defendant's product in the future but would be unable to trust defendant's representations about the product were sufficient to establish standing to seek injunctive relief); *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976 (N.D. Cal. 2022) (finding that allegations were sufficient to plead standing to seek injunctive relief where the plaintiffs alleged that they would like to purchase the product in the future and the nature of the mislabeled claim indicated that plaintiffs could not rely on the label's

/////

/////

/////

/////

/////

/////

---

[5]  Citation to this and other unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

representations going forward).[6]  Accordingly, the court concludes that in his FAC plaintiff has cured the previously-identified deficiencies with respect to this claim and has now plausibly alleged his standing to seek injunctive relief.

<b><i>b.      Equitable Restitution and Disgorgement</i></b>

Plaintiff also seeks equitable restitution and disgorgement of profits under the UCL and FAL.  (Doc. No. 26 at ¶¶ 81, 83, 92, 95.)  "[A] federal court must apply traditional equitable principles before awarding restitution under the UCL[.]" *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020).  "A plaintiff 'must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA.' *Sonner*'s 'adequate remedy at law' requirement extends to claims under the FAL[.]" *Brand v. KSF Acquisition Corp.*, No. 22-cv-392-LAB-JLB, 2023 WL 3225409, at *3 (S.D. Cal. Mar. 17, 2023) (cleaned up).

The undersigned has previously recognized the split among district courts within this circuit regarding what a plaintiff must allege to establish their entitlement to equitable relief and has adopted the more liberal pleading standard that simply requires allegations of an inadequate remedy at law.  *See Wong v. Iovate Health Scis. U.S.A. Inc.*, No. 2:24-cv-00901-DAD-CKD, 2025 WL 821451, at *4 (E.D. Cal. Mar. 14, 2025).  Here, in his FAC plaintiff generally seeks equitable remedies as to his UCL and FAL claims in addition to damages with respect to his CLRA claim but fails to allege that he lacks an adequate remedy at law.  Accordingly, plaintiff's

---

[6] Defendant also argues that plaintiff does not face a risk of future harm because if he purchased the Product in the future, he could perceive any misrepresentations based on past experiences by inspecting the Product's width through the packaging window and the brightness of the bulb being "'up to 2x brighter only as 'compared to comparable Home Accents Holiday basic LED string lights'" by reviewing the packaging.  (Doc. No. 27 at 20.)  The court finds these arguments unpersuasive because plaintiff could not truly assess the Product's brightness in the future without actually purchasing and using it.  *Davidson*, 889 F.3d at 971–72 (holding that the plaintiff had standing to sue for injunctive relief because she could not assess the veracity of the label's representations without actually using the product).  Nor is the court convinced that plaintiff could avoid the risk of future harm by simply inspecting the bulb through the packaging window where the label still bears the C9 designation.  *Cf. Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875, 882 (C.D. Cal. 2020) ("Because Plaintiff can determine how many fruit snacks are in each box by simply reading the label, there is not a sufficient risk that he will suffer economic injury in the future based on alleged slack fill in Defendants' products.").

9

complaint must be dismissed to the extent it seeks equitable restitution and disgorgement of profits. *See Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1052 (C.D. Cal. 2022) (dismissing plaintiff's claims for equitable relief because generally seeking restitution and disgorgement under the UCL and FAL in addition to monetary damages under the CLRA does not plausibly allege an inadequate remedy at law); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (collecting cases finding that a plaintiff must at minimum plead a lack of adequate remedies at law).

However, the court is not convinced that granting leave to amend in this regard would be futile since plaintiff could cure these deficiencies by alleging in good faith, at minimum, that he and the class lack an adequate remedy at law. *Vance v. Church & Dwight Co., Inc.*, No. 2:22-cv-000444-MCE-KJN, 2023 WL 2696826, at *4 (E.D. Cal. Mar. 29, 2023) (holding that an allegation that class members lack an adequate remedy at law was sufficient to satisfy any requirement imposed under the Ninth Circuit's decision in *Sonner*).

2.    Defendant's Knowledge

Defendant also argues that the FAC should be dismissed because it fails to plead particularized facts to show that defendant had knowledge of the Product's defects. (Doc. No. 27 at 16–19.) In opposition, plaintiff argues that the FAC satisfies Rule 9(b) because "[i]t sets out concrete facts from which Home Depot's pre-sale knowledge can be reasonably inferred" and provides "multiple, independent grounds to infer Home Depot's pre-sale knowledge that the Products did not conform to C9 standards." (Doc. No. 33 at 11–12) (emphasis omitted).

As noted in the court's prior order granting defendant's motion to dismiss, plaintiff's consumer protection claims are subject to the Rule 9(b) pleading standard because they all "sound in fraud and are rooted in a theory of fraudulent misrepresentation." (Doc. No. 25 at 12.) To satisfy the Rule 9(b) pleading standard regarding allegations of fraud, plaintiffs must state "with particularity the circumstances constituting fraud" but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Pro. 9(b). "This does not mean that conclusory allegations regarding a defendants' knowledge will suffice." *Punian v. Gillette Co.*, No. 14-cv-05028-LHK, 2015 WL 4967535, at *10 (N.D. Cal. Aug. 20, 2015).

"Rather, Rule 9(b) merely excuses a party from pleading scienter under an elevated pleading standard; the 'less rigid—though still operative—strictures of Rule 8' must be satisfied." *Kowalsky v. Hewlett-Packard Co.*, No. 10-cv-02176-LHK, 2011 WL 3501715, at \*3 (N.D. Cal. Aug. 10, 2011) (citing *Iqbal*, 556 U.S. at 686)).

First, defendant contends that plaintiff's newly added allegations regarding its product testing fall short of meeting Rule 9(b)'s heightened pleading standard because those allegations are speculative and conclusory. (*Id.* at 16–19.) In his FAC plaintiff alleges that product testing by defendant can be inferred because defendant "marketed the [Product] as 'up to 2x brighter' than standard C9 bulbs and included the wattage specifications." (Doc. No. 26 at ¶ 27.) Plaintiff further alleges that "such testing would have revealed the dimensions, brightness, and that the bulbs weren't true C9s" thereby demonstrating defendant's knowledge or reckless disregard of the mislabeling. (*Id.*) However, district courts have been reluctant to draw inferences of pre-sale knowledge to a defendant based upon such allegations that fail to identify key information about purported testing. *See Garcia v. Gen. Motors LLC*, No. 1:18-cv-01313-LJO-BAM, 2018 WL 6460196, at \*11 (E.D. Cal. Dec. 10, 2018) ("Plaintiffs do not specify any details regarding the 'pre-release testing' and testing in response to complaints, including what testing was conducted, by whom, where it was conducted, what the results were, and when the testing was conducted."); *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 566 (N.D. Cal. 2019) ("Accordingly, because Plaintiffs do not 'describe the details of this . . . testing,' 'explain how this testing would have alerted Apple' to the alleged motherboard issues, or allege that consumers even reported motherboard issues to Apple, Plaintiffs do not adequately plead actual knowledge."); *Rahimian v. FCA US, LLC*, No. 5:24-cv-02406-SSS-SSCX, 2025 WL 3718393, at \*4 (C.D. Cal. Nov. 5, 2025) (concluding that allegations regarding pre-sale testing fell short of the Rule 9(b) pleading standard for the knowledge element of fraud where the complaint failed to "identify the nature of any pre- or post-production tests or what they might have revealed."). The undersigned does share the view expressed by one district court that "[t]he Court is 'sensitive to the fact that Plaintiff is unlikely to have access to' certain types of evidence such as internal product testing that might support Defendants' knowledge of a defect, at least until Plaintiff obtains discovery." *Punian*,

2015 WL 4967535, at *11.  Nonetheless, courts have usually required at least some allegation suggesting the defendant's knowledge of the purported defect, whether it be the defendant's public statements or history of customer complaints.  *See e.g., Kowalsky*, 2011 WL 3501715, at *4; *Duvall v. Haier US Appliance Sols., Inc.*, No. 25-CV-02794-JSC, 2025 WL 3014040, *8 (N.D. Cal. Oct. 27, 2025).  Here, the FAC simply reflects no such allegations.

In addition, defendant also contends that it is merely a retailer, not a manufacturer, of the Product, and that the Ninth Circuit has "long distinguished between manufacturers and retailers with respect to allegations of knowledge."  (Doc. No. 27 at 18) (citing *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101, 1113 (C.D. Cal. 2015), *aff'd sub nom. Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017)).  Plaintiff does not dispute that defendant is merely the retailer but instead argues in his opposition to the pending motion that defendant "sold these bulbs under its own private label, which carries responsibilities that ordinary retailers do not bear." (Doc. No. 33 at 12.)  Plaintiff thus asks the court "to infer that private label sellers can control product specifications, mandate testing, write their own marketing claims, and have access to product information."  (*Id.*)  However, the FAC again does not include any allegation indicating that defendant manufactured or packaged the Product.

In the FAC, plaintiff alleges that defendant's sale of incandescent C9 bulbs that conformed to ANSI standards demonstrate that, at minimum, defendant recklessly disregarded the fact that the Product was mislabeled as a C9 bulb.  (Doc. No. 26 at ¶ 26.)  The FAC further alleges that by using the C9 designation, defendant, as a "sophisticated and experienced seller of lighting products[,]" made a verifiable assertion that the product measures up to the ANSI standard.  (*Id.* at ¶ 28.)  Plaintiff also alleges that defendant's sale of C7 bulbs establishes that defendant understood how to distinguish among different bulb classifications.  (*Id.* at ¶ 29.) Finally, the complaint alleges that, in arguing that ANSI standards allow rounding up bulb dimensions despite the Product's size exceeding the rounding limit, defendant recklessly disregarded the truth.  (*Id.* at ¶ 30.)

Allegations that a defendant manufacturer previously sold other compliant products can establish knowledge.  *Valiente v. Simpson Imps., Ltd.*, 717 F. Supp. 3d 888, 904–05 (N.D. Cal.

2024). But as noted, the parties agree that defendant is a retailer, not a manufacturer. "To be liable, a retailer must also know, or through reasonable care should know, that the misrepresentations alleged are false." *McMillan v. Lowe's Home Ctrs., LLC*, No. 1:15-cv-00695-KJM-SMS, 2016 WL 232319, at *6 (E.D. Cal. Jan. 20, 2016) (citation omitted). In cases where courts have deemed allegations regarding a retailer's knowledge sufficient, plaintiffs have also alleged that the retailer actively participated in advancing the misrepresentation.

For example, the district court in *McMillan* explained that:

> As discussed above, the complaint alleges that Lowe's created a standard, uniform bag for packaging the mulch and developed the textual and graphic content on the bag. The complaint further alleges that through contractual agreements, Lowe's controlled the manufacturing and packaging of the mulch, and directed Gro-Well to "utilize a standard mechanized process for distributing a uniform amount of mulch in each bag," According to the complaint, Lowe's and Gro-Well each knew the uniform amount of mulch actually distributed in each bag. The court finds these allegations, taken with the allegation that the bags contained substantially less mulch than advertised, are sufficient to plausibly suggest that Lowe's knew or should have known that the representations were false.

*Id.* (internal citations omitted); *see also Watson v. Crumbl LLC*, 736 F. Supp. 3d 827, 846 (E.D. Cal. 2024) (finding the knowledge element was satisfied where the complaint alleged that the retailer "as designer and operator of the App, had knowledge that a Service Fee was imposed on all purchases, and knew that this meant each product was charged at a higher rate than its advertised menu prices.") (internal citations omitted). In keeping with these decisions, courts have also held that plaintiffs bringing consumer protection claims against a retailer must allege that the retailer defendant "personally participated in, and had control over, the conduct giving rise to a claim[,]" not that it "passively sold products on its shelves with misleading or deceptive labels. *McMillan*, 2016 WL 232319, at *5–6; *see also In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011) ("With respect to the consumer protection claims, the Court agrees with Defendants that Plaintiffs must establish that the Retailer Defendants somehow participated in, controlled, or adopted the deceptive advertising.").

Thus, while the court agrees that it could be plausible to infer that a retailer "can control product specifications, mandate testing, write their own marketing claims, and have access to

13

product information[]" (Doc. No. 33 at 12), plaintiff's FAC contains no such allegations from which the court could yet draw that inference here.  Indeed, the newly added allegations merely establish that defendant sold the Product with a misleading label, and, at some point, defended the product by referring to the ANSI standards.  These allegations if proven would not establish that defendant, as a retailer, had any involvement in the conduct and actions that led to the label bearing the alleged misrepresentations.  Accordingly, all three of plaintiff's claims will be dismissed.

**C.      Leave to Amend**

Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ. P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

In his opposition to the pending motion to dismiss, plaintiff requests leave to amend the FAC if the court grants defendant's motion.  (Doc. No. 33 at 19–20.)  Defendant argues in its reply that the FAC should be dismissed with prejudice because "the amended complaint makes clear that sufficient factual allegations simply do not exist to support Plaintiff's claims."  (Doc. No. 34 at 13.)  As explained above, the court is not at all convinced that the identified pleading deficiencies are incurable by way of further amendment.  Rather, the court again concludes that the pleading deficiencies identified above appear to be "minor deficiencies [that] can be cured through amendment." *United States v. Corinthian Colls.*, 655 F.3d 984, 997 (9th Cir. 2011). Such amendments could include, for instance, allegations made in good faith regarding defendant's role as a retailer or otherwise in the presentation or procuring of the false labeling such as those found to be sufficient by the courts in *Watson* and *McMillan*.

/////

14

Accordingly, plaintiff will be granted leave to amend the FAC to include additional allegations regarding defendant's knowledge of the alleged misrepresentations and plaintiff's demand for equitable restitution and disgorgement, if plaintiff can make such allegations in good faith.[7]

**CONCLUSION**

For the reasons stated above,

1.     Defendant's request for judicial notice (Doc. No. 27-1) submitted in support of its motion to dismiss is DENIED;

2.     Defendant's motion to dismiss (Doc. No. 27) is GRANTED with leave to amend; and

3.     Plaintiff shall file his second amended complaint, or alternatively, a notice of his intent not to file a second amended complaint, within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:    **March 10, 2026**                                                                                   
                                        *Dale A. Drozd*                                
                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE

---

[7]  Defendant is again encouraged to take heed of the court's analysis set forth above as to the sufficiency of plaintiff's allegations regarding actionable misrepresentation and equitable remedies in formulating its response to any second amended complaint filed by plaintiff.

15